UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS


**UNITED STATES OF AMERICA**           )
                                        )     Criminal No. 05-CR-10220
                                        )     (NMG)
        v.                              )
                                        )
**JAMES GOODWYN**                      )

                    **FINAL STATUS CONFERENCE REPORT**

The parties in the above-entitled criminal matter, the United States of America (the "government") and the above-referenced defendant hereby submit this Final Status Conference Report, pursuant to Local Rule 116.5(C)(1)-(8).

1. **Whether there are outstanding discovery issues not yet presented or resolved by the Court.**

   No. There are no outstanding discovery issues that need to be resolved by the Court.

2. **Whether a party anticipates providing additional discovery as a result of its future receipt of information, documents, or reports of examinations or tests.**

   The government anticipates that, unless there is a stipulation regarding the controlled substances involved in this case, it will offer expert testimony regarding the cocaine base, a/k/a crack cocaine, as set forth in the indictment. The government will disclose any of these expert materials no later than 21 days before trial. The defendant will disclose any rebuttal expert materials no later than 7 days before trial.

3. **Whether defendants intends to raise a defense of insanity or public authority.**

   No.

4. **Whether the government has requested notice of alibi by the**

                                    1

**defendant and, if so, whether the defendant has timely responded.**

The government did request notice of alibi, but the defendant has yet to respond.

5. **Whether the defendants have filed, or intend to file, any motion to sever, dismiss, or suppress, or any other motion requiring a ruling by the District Court before trial.**

No, the defendant does not plan to file any motion at this time.

6. **Whether a schedule should be set concerning any matter in the case other than trial.**

No, there is no other matter in this case to be scheduled other than trial.

7. **Whether the parties have discussed the possibility of an early resolution of the case without a trial and if so, the results of that discussion.**

The parties have discussed the possibility of an early resolution without trial. However, at this time the parties cannot say whether there will be resolution without a trial.

8. **Whether there are periods of excludable delay under the Speedy Trial Act as to which the parties agree, and what they are, and whether there are any disagreements, and what they are, to enable the Magistrate Judge to rule on periods of excludable delay at the Final Status Conference.**

5. Speedy Trial Act Calculations

The parties have conferred on the periods excludable from all Speedy Trial Act calculations and jointly submit that the following periods are excludable:

    9/07/05-10/5/05     Automatic discovery

```
10/6/05-10/19/05      14 days counted

10/20/05-3/2/06       Interests of justice
```

As of the Final Status Conference, 14 days will have been counted and 56 days will remain under the Speedy Trial Act.

**9.   The estimated length of trial.**

One week.

Respectfully submitted,

                             MICHAEL J. SULLIVAN
                             UNITED STATES ATTORNEY

                             By:  /s/ Cynthia W. Lie
                             CYNTHIA W. LIE
                             Assistant U.S. Attorney
                             One Courthouse Way
                             Boston, MA
                             (617) 748-3183

Dated: March 3, 2006

                             By:  /s/ Joseph F. Krowski, Jr.
                             30 Cottage Street
                             Brockton, MA 02301

Dated: March 3, 2006