UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO:  05-CR-10220-NMG

_____   )
                              )
UNITED STATES OF AMERICA      )
                              )
vs.                           )
                              )
JAMES GOODWYN                 )
                              )
_____   )

OBJECTIONS TO THE PRE-PLEA PRESENTENCE REPORT

The defendant in the above entitled matter moves pursuant to Federal Rule of Criminal Procedure 32 and USSG §6A1.2(b) and hereby notifies the Probation Office for the United States District Court, District of Massachusetts, of the following objections to certain information and calculations contained within PRE-PLEA PRESENTENCE REPORT.  The objections include the following:

Career Offender

1. The defendant objects to paragraph (24)(3).  The court cannot consider alleged prior state convictions as predicate offenses as the basis for determining the defendant's criminal history category or the offense statutory maximum unless said convictions are charged by way of Indictment and proven by the government to a jury beyond a Reasonable Doubt.  To do otherwise would violate the defendant's constitutional rights under the Sixth Amendment to the Constitution of the United States of America.  See Also: United States v. Booker, 543 U.S. 220 (2005).  The first circuit has at the very least implicitly left it as an open question.  United States v. Lenny Jimenez-Beltre 440 F.3d 514 (2006).

2. The defendant further objects to paragraph 24 in that qualifying the defendant as a career offender substantially over-represents the seriousness of the defendant's criminal history or the likelihood that he will commit future crimes.  See  USSG § 4A1.3, and USSG § 4B1.1.

3. The defendant objects to paragraph (25) which states in part "the offense statutory maximum, which in this instance, is life imprisonment….." and then calculates the offense level pursuant to USSG § 4B1.1(b)(a) at 37.  The reliance on enhancements under 21 U.S.C. § 841 (b)(1)(B) or 21 U.S.C. § 851 to increase the statutory maximum of the charged offense again violates the aforesaid Sixth Amendment Rights of the Defendant.

4. The defendant further notifies probation that he will file a Sentencing Memorandum with the court and nothing in this notice of objections shall limit his right to seek any and all downward departures, to seek a sentence outside of the guidelines or to seek any other legal relief available.

By his attorney,

/s/ Joseph F. Krowski Jr.
JOSEPH F. KROWSKI JR.
30 Cottage Street
Brockton, MA. 02301
508-584-2555

Dated:  August 15, 2006