```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
          Plaintiff,           )
                               )
     v.                        )    Criminal No. 05-10220-NMG
                               )
JAMES D. GOODWYN,              )
          Defendant.           )
```

**UNITED STATES' MOTION FOR
A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853. A proposed Preliminary Order is submitted herewith. In support thereof, the United States sets forth the following:

1. On August 24, 2005, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging Defendant James D. Goodwyn (the "Defendant") with Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1).

2. The Indictment sought the forfeiture, as a result of committing the offense alleged in of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, pursuant to 21 U.S.C. § 853. Such property includes,

but is not limited to, the following:

> One Blue 1999 Mercedes ML320, VIN# 4JGAB54E6XA060768, Massachusetts license plate 36LT48, registered in the names of James D. Goodwyn and Dana L. Ruffin (the "Mercedes").

3.  The Indictment further provided that, if the Mercedes, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Mercedes, pursuant to 21 U.S.C. § 853(p).

4.  On November 2, 2006, the Defendant pled guilty to Count One of the Indictment. At the hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States provided the Court with a basis for the forfeiture of the Mercedes, and the Court advised the Defendant of the applicable forfeitures.

5.  Based on the Defendant's guilty plea, the United States has established the requisite nexus between the Mercedes and the offense to which the Defendant has pleaded guilty. Accordingly, the Mercedes is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

6.  As a result of the Defendant's guilty plea, and pursuant

to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Mercedes, or substitute assets, in a value up to the value of the Mercedes.  See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

7.    Pursuant to 21 U.S.C. § 853, the Bureau of Alcohol, Tobacco, Firearms, and Explosives shall take all other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Mercedes, giving notice as required by law.

WHEREFORE, the United States requests that this Court:

(a)  enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)  include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c)  incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney,

                                        /s/Eugenia M. Carris
                                        GLENN MACKINLAY
                                        EUGENIA M. CARRIS
                                        Assistant U.S. Attorneys
                                        United States Courthouse
                                        Suite 9200
                                        1 Courthouse Way
                                        Boston, MA 02210
Date: November 3, 2006         (617) 748-3100

**CERTIFICATE OF SERVICE**

    I, Eugenia Carris, Assistant U.S. Attorney, hereby certify that the foregoing Motion of the United States for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                        /s/Eugenia M. Carris
                                        Eugenia M. Carris
                                        Assistant U.S. Attorney

Dated: November 3, 2006

                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,      )
            Plaintiff,         )
                               )
            v.                 )     Criminal No. 05-10220-NMG
                               )
JAMES D. GOODWYN,              )
            Defendant.         )


                  **PRELIMINARY ORDER OF FORFEITURE**

**GORTON, D.J.,**

   WHEREAS, on August 24, 2005, federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging Defendant James D. Anderson (the "Defendant") with Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1)(Count One);

   WHEREAS, the Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Count One of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853, including, but not limited to, the following:

>    One Blue 1999 Mercedes ML320, VIN# 4JGAB54E6XA060768, Massachusetts license plate 36LT48, registered in the names of James D. Goodwyn and Donna L. Ruffin (the "Mercedes");

WHEREAS, the Indictment further provided that, if the Mercedes, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Mercedes, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on November 2, 2006, the Defendant pled guilty to Count One of the Indictment;

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Mercedes, or substitute assets, in a value up to the value of the Mercedes.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.   The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea, that the Government has established the requisite nexus between the Mercedes and the offenses to which the Defendant pleaded guilty.  Accordingly, all of the

Defendant's interests in the Mercedes is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2. The United States Bureau of Alcohol, Tobacco, and Firearms shall seize and hold the Mercedes in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853, the United States Bureau of Alcohol, Tobacco, and Firearms shall take all other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Mercedes, giving notice as required by law.

4. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Mercedes in such a manner as the Attorney General my direct.

5. Pursuant to 21 U.S.C. § 853(n), the Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Mercedes that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

6.   Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Mercedes, shall within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Mercedes; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Mercedes, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Mercedes, any additional facts supporting the petitioner's claim, and the relief sought.

7.   Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853 (n)(2) for the filing of such petitions, the United States of America shall have clear title to the Mercedes.

8.   Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.   If the Mercedes, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

10.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
NATHANIEL M. GORTON
United States District Judge

Dated: _____