United States District Court
District of Massachusetts (Boston)

United States of America,          ) Crim. Case No. 1:05-cr-10220-NMG
            Respondent,            )
                                   )
        vs.                        )
James D. Goodwyn,                  )
        Pro Se Movant              )

Memorandum In support of § 2255

Comes now Movant with a request to this Honorable Court

to allow Goodwyn in the Interest of Justice the benefit

of the following:

Ground One — Ineffective Assistance Of Counsel as to

a direct appeal being filed.

Argument — Goodwyn requested Counsel to file a direct

appeal. The Counsel informed Goodwyn that if indeed

a appeal was filed Goodwyn would receive more time.

Counsel did not file a appeal. Counsel mis-statement of law concerning a appeal, deprived this defendant of a substantive and procedural right in which "Due Process" guarantees, warranting Ineffective Assistance of Counsel, "Sixth Amendment" prejudicing the defendant as to a direct appeal being filed. Prejudice is presumed.

Conclusion - Request resentence and allow a direct appeal to be filed and this $2255 to be stricken as moot, Allowing another $2255 to be filed or other appropriate remedy by the Court.

Ground Two - Ineffective Assistance of Counsel as to the "Information To Establish Prior Convictions" being filed without objections from Counsel

Argument - Docket No: 0115 CR 00810 and 0115 CR 008685 were sentenced on the same days and are counted as one

(2)

charge under the "Information" filed. The charges do not meet the nexus to trigger the 21 USC $851 so accordingly are void. (Simple Possession) "Salinas" [1] U.S. Supreme Court and "Shepard" [2] as to the documents used are not to be used to trigger the $851. (1.) 164 LEd 2d 364 (2) No. 03-9168 U.S.S.C. also 3/7/05.

2.) Docket No. 9759 CR 0902 was not a felony to be included under the 21 USC $851 and so accordingly does not trigger the enhancement.

3.) Docket No. 9615 CR 005456 plead guilty to simple possession of cocaine "Shepard" and does not trigger the enhancement under "Salinas" so accordingly is void.

Conclusion – The above warrants a evidentiary hearing the cause as much as tripled Movants imprisonment or other appropriate remedy the Court deems fit and fair.

(3)

Grounds Three

1. Judicial Notice - Amendment § 706 - Crack Cocaine - Retroactive applies to this defendant, at the very least it would merit a 2 points decrease in the sentence. Amendment § 709 can be applied at re sentencing. This amendment clarifies how the court shall apply criminal history points. It is the opinion of this defendant that § 709 would decrease his points by as much as 6 criminal history points and allow the court to order a lower sentence, also.

Conclusion - To allow this issue would save the time and cost of a Motion Under § 18 USC § 3582(c)(2) and the Courts time and patience. I swear the within is true and correct.

X *James D. Goodwyn*

Conclusion. This 28 USC § 2255 should be Granted in its entirety.

X *James D. Goodwyn*

F.C.C - USP2 / P.O. Box 1034

Coleman FL. 33521

(4)

25772-038