**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**JAMES D. GOODWYN,**<br><br>**Defendant.** | ) | **Criminal No.**<br>**05-10220-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is defendant's 28 U.S.C. § 2255 petition and motion to amend.

## I. Background

On August 24, 2005, petitioner James D. Goodwyn ("Goodwyn", also "the defendant") was charged in a one-count indictment with Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). On that same date, the government filed an Information pursuant to 21 U.S.C. § 851 ("the Information"), giving notice that it would seek enhanced penalties at sentencing based on defendant's prior conviction. On November 2, 2006, Goodwyn pled guilty to the sole charge against him.

At the sentencing hearing held March 15, 2007, Goodwyn was sentenced to 192 months in the custody of the Bureau of Prisons, followed by eight years of supervised release. The Court first noted that: 1) absent any sentencing enhancement, Goodwyn faced a

Total Offense Level ("TOL") of 23 and a Criminal History Category ("CHC") of VI, resulting in a guideline range of 92 to 115 months, 2) as a career offender, Goodwyn faced a TOL of 31 and CHC of VI, resulting in a guideline range of 188 to 235 months and 3) based on the Information, Goodwyn faced a TOL of 34 and CHC of VI, resulting in a guideline range of 262 to 327 months. Although the Court determined that 1) Goodwyn was a career offender and 2) the Information was properly applied, it found that the enhanced penalties triggered by the § 851 Information were "too severe". The Court thus imposed a sentence below the advisory guideline range of 262 to 327 months but within the range that, if the § 851 Information were disregarded, would have applied based on Goodwyn's career offender status.

On March 14, 2008, Goodwyn filed a pro se petition under 28 U.S.C. § 2255, alleging two grounds of ineffective assistance of counsel and seeking "judicial notice" of the retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582. Goodwyn apparently included the § 3582 ground in his § 2255 petition to "save the time and cost of a motion under 18 U.S.C. § 3582(c)(2)". In any event, his § 2255 petition was docketed as a motion seeking a sentence reduction under 18 U.S.C. § 3582. Counsel was appointed for defendant shortly thereafter and the Court issued a procedural order. Although the parties jointly moved for an extension of time to file the status report

required by the procedural order, no such report was ever filed.

On January 27, 2010, the Court entered an order denying petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582, took the remaining 28 U.S.C. § 2255 claims under advisement and instructed the government to file a response to the § 2255 petition by February 19, 2010. No such response was ever filed.

On April 7, 2011, Goodwyn moved to amend his § 2255 petition pursuant to Fed. R. Civ. P. 15, contending that 1) his sentence should be reduced as a result of Amendment 706 "not based on the parameters of Section 3582(c)(2), but of those relevant to § 2255" and 2) his sentence was "more likely based on a consideration of the crack cocaine guidelines" thus warranting a 15 month sentence reduction. The government has not opposed the motion.

## II. <u>Analysis</u>

### A. Motion to Amend

#### 1. Legal Standard

Amendments to 28 U.S.C. § 2255 motions are governed by Fed. R. Civ. P. 15. <u>United States</u> v. <u>Ciampi</u>, 419 F.3d 20, 23 (1st Cir. 2005). When an amendment "as a matter of course" is no longer available, a party may amend its pleading only with the opposing party's written consent or leave of the Court which should be freely given "when justice so requires." Fed. R. Civ.

P. 15(a)(2). The Court need not, however, permit a motion to amend when the proposed amendment would be futile or reward undue delay. See, e.g., Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009). An amended pleading normally supersedes the original pleading such that the latter no longer performs any function in the case. See ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). In the habeas context, an otherwise untimely amendment "relates back" to the date of the timely-filed original pleading if it arises from the "same core facts". Ciampi, 419 F.3d at 24.

**2. Application**

On January 27, 2010, the Court denied petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582. To the extent petitioner's motion to amend his § 2255 petition attempts a second bite at the apple, it will be denied. Because petitioner persists, however, in raising a § 3582 argument, this Court will explain, once and for all, why he is not entitled to a sentence reduction under that provision.

It is well-settled that the crack cocaine sentence reduction authorized by 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 does not apply to a defendant sentenced under the Career Offender provisions of U.S.S.G. § 4B1.1. United States v. Caraballo, 552 F.3d 6, 6 (1st Cir. 2008). In other words, a defendant who is ultimately sentenced as a career offender, even though convicted

of a drug-trafficking offense involving crack cocaine, does not benefit from the crack cocaine sentence reduction legislation. United States v. Laboy, 658 F. Supp. 2d 263, 265 (D. Mass. 2009) (citing Caraballo, 552 F.3d at 6).

In the instant action, the defendant was sentenced as a career offender and thus is ineligible for the crack cocaine sentence reduction. Goodwyn argues that his sentence was "more likely based on a consideration of the crack cocaine guidelines" and that "the matter is not without ambiguity". Those arguments are belied, however, by the sentencing transcript in which the Court clearly found Goodwyn to be a career offender and sentenced him accordingly. The Court's imposition of a downward variance did not affect petitioner's status as a career offender. He is, therefore, ineligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and to the extent that the § 2255 petition is based upon that ground, it will be dismissed. Moreover, the motion to amend, which is based solely on arguments made pursuant to § 3582, is futile and thus will be denied.

**B. § 2255 Petition**

Goodwyn's § 2255 petition raises three grounds: 1) ineffective assistance of counsel for refusal to file a direct appeal (Ground One), 2) ineffective assistance of counsel for failure to object to the information filed pursuant to 21 U.S.C. § 851 (Ground Two) and 3) sentence reduction pursuant to

Amendment 706 and 18 U.S.C. § 3582 (Ground Three). As explained above, Ground Three of the petition will be dismissed. The Court now turns to the ineffective assistance of counsel claims which arise from representation by defense attorney Joseph F. Krowski ("Krowski").

**1. Legal Standard**

To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, the petitioner must show that 1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness" and 2) prejudice resulted, meaning that "but for his counsel's deficiency, there is a reasonable probability that [petitioner] would have received a different sentence." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (citing and quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984) and Porter v. McCollum, 130 S. Ct. 447, 453 (2009) (per curiam)).

Reasonableness is considered in light of "prevailing professional norms", rather than "best practices or most common custom." Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citing Strickland, 466 U.S. at 690). The Court must examine counsel's performance "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). Moreover, the Court "must

apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Id. at 787 (citing and quoting Strickland, 466 U.S. at 689). Indeed, "surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010).

### 2. Application

#### a. Ground One: Direct Appeal

The § 2255 petition alleges that counsel was ineffective in failing to file a direct appeal. Goodwyn submitted a sworn affidavit stating:

> I asked Attorney Krowski to file a notice of appeal. He advised me that if he filed an appeal on my behalf, I would receive a longer prison sentence.

No direct appeal was filed. It is unclear whether, after their discussion, Goodwyn reiterated his request that counsel file a direct appeal.

Goodwyn would be entitled to an appeal if, after consultation, he instructed his counsel to file a direct appeal but counsel failed to do so. See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). That is because "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477. Moreover, the petitioner need not specify the issues he would have raised on appeal or show that those issues are meritorious. Id. at 484-85.

By claiming ineffective assistance of counsel in his § 2255 petition, Goodwyn has impliedly waived attorney-client privilege with respect to communications with Attorney Krowski necessary to prove or disprove his claim. See United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009); Oliver v. United States, 2010 WL 2612738, *1 (D. Mass. June 25, 2010). The Court will, therefore, direct Attorney Krowski to submit an affidavit which addresses 1) whether he consulted with Goodwyn regarding a direct appeal and 2) whether (and if so, when) Goodwyn instructed him to file a direct appeal. See Pinson, 584 F.3d at 979 (finding attorney may be required to provide an affidavit when effectiveness of his representation is at issue, as long as court specifies what it requires attorney to disclose).

Upon receipt of the affidavit, the Court will determine whether an evidentiary hearing is necessary to resolve petitioner's claim. See Garvey v. United States, 2010 WL 5437227, *6 (D. Mass. Dec. 23, 2010) (finding evidentiary hearing necessary to resolve disputed issue of material fact with respect to counsel's alleged failure to file direct appeal despite petitioner's request); see also United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993) (setting forth standard for evidentiary hearing). If the Court determines that an evidentiary hearing is unnecessary because petitioner is entitled to relief, the Court will enter the appropriate order. See

McGarrett v. United States, 2008 WL 609866, *1-2 (D. Mass. Feb. 23, 2007) (finding evidentiary hearing unnecessary because petitioner entitled to relief for failure to file direct appeal and citing cases setting forth proper remedy); see also United States v. Torres-Otero, 232 F.3d 24, 31-32 (1st Cir. 2000) (remedying situation by vacating judgment only to reimpose the same sentence and allow defendant to file appeal within appropriate time period from date of reimposed sentence).

The Court will, therefore, retain Ground One under advisement pending submission of an affidavit by Attorney Krowski.

**b. Ground Two: The Information**

Goodwyn alleges that defense counsel was ineffective for failing to object when the government filed the Information because "the relied upon convictions do not meet the nexus to trigger the 21 U.S.C. § 851 or enhanced provisions." More specifically, Goodwyn argues that the Information improperly relied upon certain convictions: 0115CR008101, 0115CR008685, 9759CR0902 and 9615CR005456.

Petitioner's allegations are, however, belied by the record and thus an evidentiary hearing is not required. See McGill, 11 F.3d at 225-26 (finding hearing unnecessary when § 2255 petition "is conclusively refuted as to the alleged facts by the files and records of the case"). First, the Information only relied upon

one conviction: 9615CR005456. Goodwyn's arguments regarding the other three convictions are thus inapposite and moot.

Second, with respect to the sole conviction that was relied upon, Goodwyn contends that the prior conviction was "simple possession of cocaine" and thus not a "felony drug offense" for the purpose of enhancement. "Felony drug offense" is defined as:

> an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44). Defendant's prior conviction was for one count of Possession of a Class B Substance with Intent to Distribute, in violation of Mass. Gen. Laws ch. 94C, § 32A(c). That crime is punishable by imprisonment for more than one year, and thus defendant's prior conviction qualifies as a "felony drug offense" for the purpose of enhancement under § 851.

Third, Goodwyn contends that counsel was ineffective in failing to object to the filing of the Information. Defense counsel did not render ineffective assistance, however, because the underlying conviction was a "felony drug offense". Moreover, 21 U.S.C. § 851(e) specifically provides that no person may challenge the validity of any conviction which occurred more than five years before the date of the Information. See Wright v. United States, 238 F.3d 426, *2 (6th Cir. 2000) (table decision). The conviction relied upon was from 1996, i.e. more than five

years before the Information was filed. Because "an attorney is not required to present a baseless defense," counsel did not render ineffective assistance for not having done so. Id.

Moreover, petitioner's counsel did, in fact, object to the Information by, inter alia, submitting objections to the PSR and reiterating those objections during the sentencing hearing. In particular, the Court spent a substantial portion of the sentencing hearing addressing the Information and defendant's (successful) objection thereto. Indeed, the Court found the enhanced penalties triggered by the Information to be "too severe" and imposed a downward variant sentence. The 192-month sentence that was thus imposed fell, in fact, within the guideline range of 188 to 235 months that Goodwyn would have faced based on his career offender status alone. He was not sentenced based on the guideline range of 262 to 327 months that would have applied under the Information.

Petitioner therefore fails to show that counsel's performance was deficient or that prejudice resulted. The Court will, therefore, dismiss the § 2255 petition with respect to Ground Two.

**ORDER**

In accordance with the foregoing,

1) motion to amend (Docket No. 69) is **DENIED**; and

2) § 2255 petition (Docket No. 55) is, with respect to Grounds Two and Three, **DISMISSED**, but, with respect to Ground One, **RETAINED UNDER ADVISEMENT.**

Accordingly, Attorney Krowski is directed to submit on or before July 15, 2011, a sworn affidavit which addresses 1) whether he consulted with Goodwyn regarding a direct appeal and 2) whether (and if so, when) Goodwyn instructed him to file a direct appeal.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 29, 2011